IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TIMOTHY CHATMON,    ) | |
| Plaintiff,    ) | |
| ) | |
| v.    ) | No. 3:15-CV-3873-B |
| ) | |
| UNITED HEALTH CARE and    ) | |
| MOLINA HEALTHCARE    ) | |
| Defendants.    ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I. Background**

Plaintiff filed this complaint pursuant to 42 U.S.C. §§ 1983, 1981, 1985, 18 U.S.C. § 96 and various state law statutes. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are United Healthcare and Molina Healthcare. The Court has not issued process pending judicial screening.

Plaintiff states that between February 20, 2014, and May 2, 2015, Defendants conspired to act in bad faith in denying him coverage for his medical treatment. He seeks money damages.

**II. Screening**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. Discussion

#### 1. Federal Claims

Plaintiff filed this complaint pursuant to §§ 1983, 1981, 1985 and "18 U.S.C. § 96." To obtain relief under 42 U.S.C. § 1983, a plaintiff must prove two elements: (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) a deprivation of that right by a defendant acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978). The Fourteenth Amendment of the Constitution provides in part that "[n]o State shall . . . deprive any person of life, liberty, or property without due process of law." The Fourteenth Amendment prohibits only that action which may be fairly attributed to the States. *Shelley v. Kramer*, 334 U.S. 1, 13 (1948). The Fourteenth Amendment does not shield purely private conduct, however discriminatory or wrongful. *Id.; see also Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 349 (1974); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 169 (1970). Plaintiff has to show that either Defendant acted under color of state law. His § 1983 claims should be dismissed.

Under § 1981, a plaintiff must establish three elements to successfully allege a viable claim: "(1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the statute." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir.1997) (citation omitted); *see also Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir.2003) (quoting *Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 751 (5th Cir.2001)). In this case, Plaintiff does not claim he is a racial minority, or that Defendants intended to discriminate against him on the basis of race.

Section 1985 prohibits a conspiracy to interfere with civil rights. The elements of a claim under section 1985 are: (1) a conspiracy by the defendants, (2) with a purpose of depriving the plaintiff of equal protection of the laws or equal privileges and immunities under the law, (3) a purposeful intent to discriminate, (4) action by the defendants under color of state law or authority, and (5) injury to the person or property of the plaintiff or his deprivation of a right or privilege as a citizen of the United States resulting from actions in furtherance of the conspiracy. *Granville v. Hunt*, 411 F.2d 9, 11 (5th Cir.1969). Plaintiff, however, has failed to allege or show that Defendants acted under color of law. He has failed to state a claim under section 1985.

Finally, Plaintiff also cites "18 U.S.C. § 96." This statute, however, does not exist. He has therefore failed to state a claim for relief.

2.  **State Claims**

Plaintiff's state law claims should be dismissed without prejudice to Plaintiff raising these claims in state court. Plaintiff's federal question claims are without merit. Plaintiff has also failed to establish diversity jurisdiction. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804

(5th Cir. 1991) (holding that "[t]he burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction."). Diversity jurisdiction requires that: (1) there is diversity of citizenship between the parties; and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff's address shows he is a resident of Texas. Plaintiff states Defendant Molina Healthcare is also resident of Texas. *See* Magistrate Judge's Questionnaire, Answer No. 2. Therefore, Plaintiff's state law claims should be dismissed without prejudice.

## IV. Recommendation

The Court recommends that Plaintiff's state claims be dismissed without prejudice and that Plaintiff's remaining claims be dismissed with prejudice under 28 U.S.C. § 1915(e).

Signed this 3 day of March, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).